## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| AARON ANTONY BRADFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21 CV 142 MTS |
| UNKNOWN FINCH, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff Aaron Antony Bradford for leave to commence this civil action without prepayment of the required filing fee. Doc. [3]. Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.83. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on Officer Finch and Sergeant Wright in their individual capacities.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Attached to Plaintiff's motion for leave to proceed in forma pauperis is an inmate account statement. Doc. [3] at 4. The account statement shows an average monthly deposit of $44.17. The Court will therefore assess an initial partial filing fee of $8.83, which is 20 percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the Plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the St. Louis County Justice Center (SLCJC) in Clayton, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Officer Unknown Finch and Sergeant Unknown Wright as defendants. Officer Finch and Sergeant Wright are sued in their individual capacities only. Doc. [1] at 2-3. Plaintiff also asserts that he is a pretrial detainee. *Id.* at 2.

The "Statement of Claim" concerns the alleged use of excessive force by correctional staff at the SLCJC. *Id.* at 4. The use of force occurred on August 4, 2020, between 2:00 p.m. and 3:00 p.m. According to Plaintiff, he was "handcuffed to the back, shackled and strapped down in a restraint chair." *Id.* While in the chair, Plaintiff alleges that Officer Finch stood on Plaintiff's "bare right foot," and choked him "with his hand around [his] neck, then with his fingers around [his] throat." *Id.* at 5. When Plaintiff "snatched away from the hold" on his neck, Officer Finch slapped him in the face, and then punched him. *Id.* Next, Officer Finch stood behind Plaintiff, "yanked

3

[Plaintiff's] head back, and put each of his thumbs into [Plaintiff's] mouth." *Id.* Officer Finch then "attempted to stretch [Plaintiff's] mouth open." *Id.* After Plaintiff tried closing his mouth, Officer Finch "yanked [Plaintiff's] head back again and stuck two of his fingers into [Plaintiff's] nose." *Id.* Officer Finch "forcefully and aggressively" pulled at Plaintiff's nostrils, scratching "on the inside and ripping on the outside." *Id.*

During this incident, Sergeant Wright was allegedly present and observing Officer Finch's actions. *Id.* at 6. When Officer Finch began to pull on Plaintiff's nose, Sergeant Wright told Officer Finch "to stop and exit the sally port." *Id*. After exiting the sally port, Officer Finch "paced back and forth in the unit control area," where he "threatened to kill [Plaintiff] numerous times." *Id.* at 5.

As a result of Officer Finch's actions, Plaintiff states that his ankles and wrists were cut, that his throat and neck were bruised and cut, that his throat was sore "for months," and that he still experiences neck pain and headaches. *Id.* at 5.

Plaintiff asserts that Officer Finch used excessive force against him in violation of the Eighth Amendment. *Id.* at 8. Similarly, he accuses Sergeant Wright of violating the Eighth Amendment by failing to intervene and protect him. Plaintiff is seeking total damages in the amount of $80,000. *Id.* at 10.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, alleging that Officer Finch used excessive force against him, and that Sergeant Wright failed to intervene to stop him. Because Plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the

4

Court will direct the Clerk of Court to issue process on Officer Finch and Sergeant Wright in their individual capacities.

### A. Excessive Force Claim

Plaintiff alleges that Officer Finch used excessive force against him, in violation of the Eighth Amendment. When this incident took place, however, Plaintiff was a pretrial detainee, incarcerated at the SLCJC. The Eighth Amendment does not apply to pretrial detainees. *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010). Nevertheless, the Fourteenth Amendment's Due Process Clause "imposes analogous duties on jailers to care for detainees." *Id*. The Court will therefore evaluate Plaintiff's claim under the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id*.

5

In this case, Plaintiff alleges that Officer Finch stepped on his foot, choked him, forcibly spread his mouth open, tore at his nostrils, slapped him, punched him, and threatened to kill him. This took place while Plaintiff was handcuffed and shackled to a restraint chair, the implication being that Officer Finch's actions were not taken in order to subdue Plaintiff or restore discipline. The Court must accept these allegations as true and make all reasonable inferences in Plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Based on these allegations, the Court has determined that Plaintiff's excessive force claim is sufficient for purposes of initial review. As such, the Court will direct the Clerk of Court to issue process on Officer Finch in his individual capacity as to Plaintiff's excessive force claim.

### B. Failure to Intervene

Plaintiff accuses Sergeant Wright of failing to intervene and stop Officer Finch from assaulting him. As noted above, because Plaintiff is a pretrial detainee, his claim is analyzed under the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010) (explaining that because plaintiff was a pretrial detainee, his claims fell "under the Fourteenth Amendment, rather than the Eighth Amendment").

"A jail official violates the Due Process Clause…when he is deliberately indifferent to a substantial risk of serious harm to a pre-trial detainee and fails to protect the detainee." *Glaze v. Byrd*, 721 F.3d 528, 531 (8th Cir. 2013). Deliberate indifference requires a detainee to make two showings. *Id*. First, objectively, the detainee must demonstrate that he faced a serious risk of harm. *Id*. Second, he must subjectively establish that the jail "official knew of and disregarded the risk to the inmate's safety." *Id*. Under the deliberate indifference standard, a correctional officer can be held liable for failing to intervene in another officer's constitutional violation. *See Edwards*, 750 F.3d at 733 (determining that district court correctly denied guards qualified immunity after

6

finding "that the guards were aware that excessive force was being used against the plaintiffs but did not intervene to protect them"); and *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using excessive force and otherwise was unlawfully punishing the prisoner").

Here, Plaintiff has presented facts showing that he was assaulted by Officer Finch while in a restraint chair. Plaintiff also alleges that Sergeant Wright was present while this took place and observed Officer Finch's actions. Despite being in a supervisory position, Sergeant Wright did not take any action until Officer Finch began pulling on Plaintiff's nostrils. By this point, according to Plaintiff, Sergeant Wright had already seen Officer Finch choke, slap, and punch Plaintiff, among other things, all while Plaintiff was handcuffed and shackled. The Court must accept these allegations as true and make all reasonable inferences in Plaintiff's favor. *See Jones*, 915 F.3d at 499. Based on these allegations, the Court has determined that Plaintiff's failure to intervene claim is sufficient for purposes of initial review. As such, the Court will direct the Clerk of Court to issue process on Sergeant Wright in his individual capacity as to Plaintiff's failure to intervene claim.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [2]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability

of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis Doc. [3] is **GRANTED**. Plaintiff must pay an initial partial filing fee of $8.83 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel Doc. [2] is **DENIED** at this time.

**IT IS FINALLY ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Unknown Finch in his individual capacity as to Plaintiff's excessive force claim, and on defendant Unknown Wright in his individual capacity as to Plaintiff's failure to intervene claim.

Dated this 25th day of May, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE